UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BISSELL HOMECARE, INC.,

    Plaintiff,

v

PRC INDUSTRIES, INC.,

    Defendant.
_____/

Case No. 1:13-cv-1182

HON. JANET T. NEFF

**OPINION AND ORDER**

    Plaintiff Bissell Homecare, Inc., filed this case against Defendant PRC, Industries, Inc., alleging trademark infringement and unfair competition claims related to Defendant's alleged unauthorized remanufacturing of Bissell products. Defendant filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(2) for Lack of Personal Jurisdiction (Dkt 24). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant Defendant's motion. The matter is presently before the Court on Plaintiff's Objections to the Report and Recommendation (Dkt 70). Defendant has filed a Response to the Objections (Dkt 71).

I.  OBJECTIONS

    Plaintiff objects to five aspects of the Report and Recommendation:

(1) The Magistrate Judge's failure to consider the effect of PRC's refusal to cooperate in discovery and repeated attempts to conceal information from BISSELL and the Court;

(2) The Magistrate Judge's decision to decide PRC's Motion to Dismiss without first allowing BISSELL to amend its Complaint;

      (3) The Magistrate Judge's statement (in dicta) that she would have denied BISSELL's Motion to Amend, in any event;

      (4) The Magistrate Judge's conclusion that the Court lacked general jurisdiction over PRC; and

      (5) The Magistrate Judge's conclusion that the Court lacked specific jurisdiction over PRC.

(Obj., Dkt 70 at p. ID# 941).

Plaintiff requests that the Court: (1) deny Defendant's Motion to Dismiss, and (2) grant Plaintiff leave to file its Amended Complaint. In the alternative, Plaintiff requests that the Court defer ruling on Defendant's Motion to Dismiss, permit Plaintiff to file its Amended Complaint and, should Defendant still claim this Court lacks personal jurisdiction, allow the parties to address the issue of personal jurisdiction in light of the new allegations in the Amended Complaint (*id.*).

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court finds no basis for altering the Magistrate Judge's recommended disposition. The Court denies Plaintiff's objections and requested alternative relief.

## A. Discovery

Plaintiff first objects that the Magistrate Judge failed to adequately consider Defendant's misrepresentations and refusal to provide complete information about its contacts with Michigan (Pl. Obj. at p. ID# 947). Plaintiff alleges that Defendant repeatedly told the Court it had no relationships or dealings with any Michigan companies other than its contract and contact with Plaintiff in 2001, misleading the Court by omitting any reference to the parties' Canadian contract negotiations as well as a contact(s) with Whirlpool, another Michigan company (*id.*). Moreover, Defendant did little to investigate the extent of its "contracts" with Michigan, and the investigation it did conduct did not:

2

(i) identify products shipped to companies that were incorporated in Michigan; (ii) determine whether Defendant's employees had come to Michigan to meet with Michigan companies; (iii) search for e-mails, telephone calls or other correspondence with Michigan entities, or otherwise relating to Michigan, or investigate those potential communications; and (iv) provide any information to Plaintiff about communications with companies which Defendant had not successfully retained as a client (*id.* at 947). Plaintiff contends that without this investigation, Defendant's representation that it lacks sufficient contacts with Michigan cannot be given any weight (*id.* at 948).

Defendant responds that Plaintiff's discovery complaints are without basis since the discovery requests did not seek the documents Plaintiff alleges, and specifically excluded documents in Plaintiff's possession, such as contracts between the parties (Def. Resp., Dkt 71 at p. ID# 976). With regard to Defendant's alleged lack of investigation of documents, Defendant notes that it has only fourteen clients, and no in-depth investigation was necessary to determine the extent of its Michigan contacts (*id.* at 977). And with regard to other investigation, such as employee email searches related to the Whirlpool contact, such sporadic communications would not give rise to a finding of jurisdiction (*id.*).

Plaintiff's objection is without merit. The Magistrate Judge properly considered Plaintiff's discovery complaints in deciding the issue of personal jurisdiction (R & R, Dkt 68 at p. ID# 903-04). The Magistrate Judge was not persuaded by Plaintiff's argument that the shortcoming in proofs regarding Defendant's Michigan contacts resulted directly from Defendant's failure to provide any meaningful jurisdictional discovery (*id.*). Nothing raised by Plaintiff calls into question the Magistrate Judge's conclusion.

Moreover, the Magistrate Judge personally presided over the discovery proceedings in this case and was well-aware of the concerns and complaints raised by the parties. She found Plaintiff's assertion that discovery would produce additional supporting evidence of *significant* Michigan contacts by Defendant "speculative" (*id.* at 904) (emphasis in original). This Court agrees. Plaintiff's objection is denied.

## B. Amendment of the Complaint

Plaintiff argues that the Magistrate Judge erred in deciding Defendant's motion to dismiss before allowing Plaintiff to amend its complaint (Obj. at p. ID# 949). Plaintiff states that "[t]he Magistrate Judge informed the parties during the April 15, 2014 hearing that she had, after much debate, decided to consider the Motion to Dismiss before addressing the Motion to Amend" (*id.*, citing 4/15/14 Hrg. Tr., Dkt 69 at p. ID# 911). Plaintiff contends that because the new claims in the proposed amended complaint directly bear on the issue of personal jurisdiction, the Magistrate Judge erred by declining to permit the amendment before deciding Plaintiff's jurisdictional motion (Obj. at p. ID# 949-500).

Plaintiff's assertions of error lack merit. Although at the outset of April 15, 2014 hearing, the Magistrate Judge noted that she would be deciding Defendant's motion to dismiss and motion to amend consecutively and independently, Plaintiff was well aware of this intended procedure in advance of the hearing and never raised any objection, either before or at the hearing. The Magistrate Judge entered an order on April 11, 2014 (Dkt 62), which stated: "Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 24) and Plaintiff's Motion to Amend Complaint (Dkt. 54) will be considered separately and consecutively. If the court concludes that it does not

have personal jurisdiction over the defendant, it appears inappropriate to decide other motions in the case prior to that determination."

Nor did Plaintiff raise any concern at the time of filing the motion to amend that it was properly decided before the motion to dismiss, even though the motion to dismiss was filed more than two months before Plaintiff's motion to amend. Plaintiff's belated procedural objection—after the Magistrate Judge rendered her substantive ruling against Plaintiff—is unavailing. Plaintiff effectively waived any procedural objection.

In any event, even if Plaintiff's procedural objection is not waived, any error was harmless since the Magistrate Judge considered the merits of Plaintiff's motion to amend in the alternative, and, contrary to Plaintiff's further argument (Obj. at p. ID# 952-54), determined that leave to amend was properly denied.

The Magistrate Judge stated that she had reviewed the motion to amend and Defendant's response (Dkt 63), and having considered all circumstances, she would deny leave to file the proposed amended complaint (R & R at p. ID# 906-07). As noted by the Magistrate Judge, "[p]ursuant to FED. R. CIV. P. 15(a)(2), '[t]he court should freely give leave [to amend a pleading] when justice so requires.' A district court should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and the futility of amendment" (*id.* at 907). *See Rice v. Karsch*, 154 F. App'x 454, 464 (6th Cir. 2005) (citing *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)). The Magistrate Judge concluded:

> Here, the factors of undue delay, undue prejudice and futility all weigh against leave to amend given that (1) Plaintiff did not seek an amendment until the motion to dismiss for lack of personal jurisdiction was extensively briefed, and months after the basis of the amendment was or should have been known to Plaintiff

5

>based on Defendant's Answer and filing of the Krantz declaration (Dkts 14, 21); and (2) the alleged connection between the NDA and the claims in the original complaint is tenuous.

(R & R at p. ID# 907).

The record fully supports the Magistrate Judge's conclusions. Defendant filed its Answer on December 17, 2013 (Dkt 14) and filed the motion to dismiss for lack of jurisdiction, along with the declaration of Darren Krantz, on January 17, 2014 (Dkts 24-26). Plaintiff did not file the motion for leave to file an amended complaint (Dkts 54-55) until March 26, 2014—nearly two weeks after Plaintiff filed its Response to the motion to dismiss on March 14, 2014 (Dkt 51). Plaintiff claimed that it only learned of the basis for the motion to amend upon taking the deposition of Darren Krantz (*see*, e.g., Dkt 55 at p. ID# 655). However, Plaintiff's assertion is questionable given the related factual basis of the claims in the original complaint, the parties' past business dealings, the record available to Plaintiff, and the parties' extensive and tenacious litigation of this case during its short existence. Moreover, the Krantz deposition was taken on February 28, 2014 (Dkt 55-2), nearly a month before the motion to amend was filed, yet Plaintiff did not seek amendment until a month after the hearing on the motion to dismiss was noticed and after the motion was nearly fully briefed. Plaintiff complains that Defendant cited no concrete examples of prejudice, but prejudice should be evident from the wasted costs, time and resources of briefing the motion to dismiss, which would be rendered futile by an amended complaint.

This Court finds no error in the Magistrate Judge's conclusion that Plaintiff's motion to amend was properly denied on the basis of undue delay and prejudice, and because any connection between the NDA and the claims in the original complaint was tenuous.

C.  General Jurisdiction

Plaintiff argues that the Magistrate Judge erred in declining to find general jurisdiction over Defendant.  Plaintiff asserts that Defendant failed to reveal that it has had a continuous presence in Michigan, both through dealings with Plaintiff and with other companies doing business in Michigan (Obj. at p. ID# 954).  Plaintiff further argues that the Magistrate Judge "erroneously noted that 'there is no evidence that [the 2011-2012] negotiations between the parties involved meetings in Michigan or visits to Michigan by Defendant'" (Obj. at p. ID# 955, citing Dkt 68 at p. ID# 898).  Plaintiff asserts that "during his deposition, Mr. Krantz specifically testified that such meetings occurred in Michigan" (*id.*, citing Krantz Dep., Dkt 51-4 at 505-07, 510-11).

Plaintiff's objection is without merit.  Plaintiff selects partial excerpts of the Magistrate Judge's analysis to support its contention of error.  A review of the Report and Recommendation and the record establishes no error in the Magistrate Judge's analysis or conclusion that general jurisdiction is lacking.  Contrary to Plaintiff's assertion, there is no evidence that Defendant has had a continuous presence in Michigan.  Plaintiff's reference to the Magistrate Judge's findings is taken out of context.  The Magistrate Judge acknowledged Defendant's contract with Plaintiff that ended in 2001, and Defendant's more recent negotiations with Plaintiff concerning products in Canada, neither of which supported a finding of general jurisdiction, stating in relevant part:

> It is undisputed that the parties had some "business relationship" that ended in 2001 (*see* Def. Brf. at p. ID# 213-214).  Thereafter, in 2011–2012, the parties entertained negotiations for a potential agreement concerning remanufacturing of Plaintiff's products in Canada.  *As discussed subsequently in more detail*, there is no evidence that those negotiations involved meetings in Michigan or visits to Michigan by Defendant.  Other than some email and telephone communications, the 2011–2012 contacts between the parties occurred in Canada or at locations outside Michigan.  Defendant's past, limited negotiations with Plaintiff, and otherwise tenuous or isolated contact with Michigan, do not establish a basis for general

7

> jurisdiction. *See Houle v. Bert R. Huncilman & Son, Inc.*, No. 12–10188, 2012 WL 6193959, at *2 (E.D. Mich. Dec. 12, 2012).

(R & R at p. ID# 898, emphasis added).

The Magistrate Judge more fully addressed Plaintiff's allegations of Defendant's extensive contacts in Michigan (*id.* at 900-03), and properly found the record to the contrary (*id.* at 901). Plaintiff points out that the deposition testimony of Krantz that two employees visited Michigan was later disclaimed because he recollected that the visits did not occur while those individuals were employed by Defendant but instead while they were employees of a separate company he owned. However, Plaintiff raises no worthy challenge to this correction of the record.

The Magistrate Judge considered the record in light of the parties' contentions and properly concluded that "Defendant's past, limited negotiations with Plaintiff, and otherwise tenuous or isolated contact with Michigan, did not establish a basis for general jurisdiction" (R & R at p. ID# 898).

D.  Specific Jurisdiction

Plaintiff contends that the Magistrate Judge erred in declining to find specific jurisdiction over Defendant. Plaintiff argues that the Magistrate Judge recognized and applied the three due-process requirements for specific jurisdiction, but incorrectly concluded that they were not satisfied (Obj. at p. ID# 956). Plaintiff's argument is without merit.

The Magistrate Judge appropriately and extensively considered the specific jurisdiction requirements in light of the record. She correctly concluded that Plaintiff failed to meet any of the three prongs of the due-process test: "purposeful availment," "arising from" or "reasonableness." Plaintiff points to no error in the Magistrate Judge's analysis, and merely disagrees with the Magistrate Judge's conclusions.

First, with regard to "purposeful availment," Plaintiff continues to rely on the parties' negotiations concerning the Canadian remanufacturing agreement, contending that the negotiations involved numerous e-mails, business documents, and telephone conversations with Bissell employees in Michigan. Plaintiff's contentions are generalized and lack record support (*see* Obj. at p. ID# 957). But moreover, Plaintiff's factual contentions and arguments were all raised before and considered by the Magistrate Judge. The Magistrate Judge properly rejected these arguments and found that the alleged Michigan contacts with Bissell were the types of "random," "fortuitous," or "attenuated" contacts that preclude a finding of "purposeful availment" (R & R at p. ID# 902, citing *Rice,* 154 F. App'x at 462-63; *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002)). The Magistrate Judge also fully considered the alleged additional contacts and indirect connections with Michigan cited by Plaintiff, including Defendant's contacts with Amazon, and correctly found that they offered little support to the showing of purposeful availment (R & R at p. ID# 902-03).

Plaintiff complains that the Magistrate Judge should not have considered that the Mutual Nondisclosure Agreement (NDA) was a "fairly standard" agreement because that is irrelevant to assessing personal jurisdiction (Obj. at p. ID# 958). The Magistrate Judge did not find the NDA significant in the analysis of purposeful availment given the context in which it was executed, noting that it "was a fairly standard agreement and merely a vehicle for the exchange of information necessary to negotiate the Remanufacturing Agreement, which was between Defendant and Bissell Canada Corporation (R & R at p. ID# 902). This passing notation is of little import in the overall analysis of purposeful availment.

Similarly, Plaintiff continues to contend that Defendant's alleged infringing conduct "arises from" the parties' Canadian negotiations, since those negotiations allowed Defendant to obtain the information necessary to land its account with Amazon (Obj at p. ID# 960). This argument was raised before the Magistrate Judge, whose reasons for rejecting it were sound (R & R at p. ID# 905). The Magistrate Judge did not err in finding that the "arising from" prong of the due-process test was not met.

Finally, Plaintiff disagrees with the Magistrate Judge's conclusion that it would not be reasonable to exercise jurisdiction over Defendant (Obj. at p. ID# 961; R & R at p. ID# 906). The Magistrate Judge considered the relevant factors in deciding "reasonableness," including "'the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest in other states in securing the most efficient resolution of controversies.'" *See CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1268 (6th Cir. 1996) (citation omitted). Plaintiff again merely disagrees with the Magistrate Judge's conclusion, citing Plaintiff's separately rejected arguments that Defendant "purposefully availed" itself of doing business in Michigan based on the Canadian contract negotiations. The Magistrate Judge acknowledged Plaintiff's and Michigan's interests in preventing deceptive products in the market and in enforcing trademarks, but nonetheless found that "Defendant is a New York corporation with its principal place of business in St. James, New York, and does not have a 'substantial enough' connection with Michigan to make the exercise of jurisdiction over the Defendant reasonable" (R & R at p. ID# 906). *See Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

Plaintiff raises no legitimate objection to the Magistrate Judge's analysis and conclusion that specific jurisdiction is lacking over Defendant.

II.  CONCLUSION

Having found Plaintiff's objections without merit, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Defendant's motion to dismiss for lack of personal jurisdiction is properly granted, and Plaintiff's motion for leave to amend the complaint is properly denied.  A Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 70) are DENIED and the Report and Recommendation (Dkt 68) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Dkt 24) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Dkt 54) is DENIED.


Dated: July 31 , 2014                              /s/ Janet T. Neff
                                                   JANET T. NEFF
                                                   United States District Judge